PETROPLUS, JUDGE:
The Court upon a prior hearing disallowed the claim of Matz Department Store, Inc., in the amount of $195.70, for alleged damage to the automobile of the Claimant resulting from paint being sprayed thereon while crossing the Kanawha City Bridge in Kanawha County, West Virginia. At the time the damage occurred, the State Road Commission construction crew was engaged in the painting of the Bridge and some days after the crossing, the Claimant’s attention was called to certain unexplained paint spots on the automobile owned by the Claimant and driven by Marie Matz. The cost of repainting the automobile was stipulated in the amount of $195.70, although the Claimant did not incur this expense by having the automobile repainted.
The claim was denied on the ground that the Claimant had a responsibility and a duty to mitigate damages by removing the wet paint within a reasonable time after the damage occurred and that no effort was made to mitigate damages and correct the condition before the paint hardened by drying.
On Petition of the Claimant, the Court granted a rehearing. The automobile was produced at the rehearing for inspection *169 of the Court, and after taking a view the Court is of the opinion that the damage, if any, was so slight that it could not be observed by an ordinary inspection of the surface of the automobile. This may also explain why the Claimant did not discover the damage within a reasonable time after she crossed the bridge. The inspection of the automobile did not disclose any obvious damage from the paint spray, although on very close inspection certain very minute shaded spots barely discernible to the naked eye could be detected on the hood and top of the car.
Inasmuch as the Claimant incurred no expense in having the automobile repainted and the damage being so trivial, it is our opinion that the maxim of “de minimis non curat lex” should apply. The law does not take notice of small or trifling damage and our former ruling in this case is affirmed.
Claim disallowed on rehearing.